PER CURIAM
Respondent, Todd A. Harris, was arrested for alcohol-related misconduct on four occasions, three of which involved driving while intoxicated. For this misconduct, we accepted a joint petition for consent discipline filed by respondent and the Office of Disciplinary Counsel ("ODC") and suspended respondent for a period of one year and one day, with all but six months deferred, subject to a period of probation to coincide with respondent's recovery agreement with the Judges and Lawyers Assistance Program ("JLAP").[1] In re: Harris , 17-0726 (La. 9/15/17), 224 So. 3d 963 (" Harris I "). The court's order stated in pertinent part as follows:
IT IS ORDERED that the Petition for Consent Discipline be accepted and that Todd A. Harris, Louisiana Bar Roll number 18937, be suspended from the practice of law for a period of one year and one day, with all but six months deferred. Following the active portion of the suspension, respondent shall be placed on probation for a period to coincide with the term of his recovery agreement with the Judges and Lawyers Assistance Program. Any failure of respondent to comply with the terms of the agreement may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. [Emphasis added.]
On January 14, 2019, respondent tested positive for alcohol use. On February 12, 2019, respondent again tested positive for alcohol use. Respondent admitted to JLAP that he had consumed alcohol on both occasions. Respondent then participated in an inpatient professional assessment at the Professionals' Wellness Evaluation Center ("PWEC"). During his evaluation at PWEC, which took place from March 4, 2019 through March 6, 2019, respondent admitted to consuming alcohol on at least six occasions during his JLAP monitoring. PWEC recommended respondent enroll in a JLAP-approved inpatient program for relapse treatment, which respondent has failed to do.
On May 20, 2019, the ODC filed the instant "Request for Revocation of Probation and to Impose Previously-Deferred Suspension," alleging that respondent failed to comply with the conditions of his probation in Harris I by violating the terms of his JLAP recovery agreement as set forth above. Accordingly, the ODC
*1250 prayed for the revocation of respondent's probation and the imposition of the previously deferred portion of the one year and one day suspension. Respondent, through counsel, filed a response indicating that he did not oppose the ODC's petition.
DISCUSSION
The record reveals that respondent violated the terms of his JLAP recovery agreement by consuming alcohol and failing to enroll in an inpatient program for relapse treatment. In light of this violation, respondent has failed to comply with the conditions of his court-ordered probation in Harris I .
Accordingly, we will revoke respondent's probation, making the previously-deferred portion of the one year and one day suspension imposed in Harris I immediately executory.
DECREE
For the reasons assigned, the previously deferred portion of the one year and one day suspension imposed in In re: Harris , 17-0726 (La. 9/15/17), 224 So. 3d 963, is hereby made immediately executory, and respondent is hereby suspended from the practice of law for a period of six months and one day from the date of this decree. All costs and expenses in the matter are assessed against respondent, Todd A. Harris, Louisiana Bar Roll number 18937, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

Justice Crichton dissented and would have rejected the joint petition for consent discipline.